UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Murray Bryant,<br><br>　　*Plaintiff*,<br><br>　v.<br><br>Walmart Inc.,<br><br>　　*Defendant*. | No. 23 CV 6813<br><br>Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

　　Murray Bryant slipped and fell on some Mazola cooking oil that pooled on the floor of a Walmart store in Olympia Fields, Illinois, in October 2021. He filed this negligence and premises liability suit against Walmart in the Circuit Court of Cook County seeking damages for his injuries. Walmart removed the case to this court and now moves for summary judgment, arguing that Bryant presents no evidence that a Walmart employee spilled the cooking oil, and that it did not have constructive notice of the spill that would trigger any liability. Alternatively, Walmart argues that it owed Bryant no duty of care because the oil spill was an open and obvious condition. Because genuine issues of fact remain for trial, the court denies Walmart's motion.

**I.　Background**

　　Murray Bryant slipped and fell at a Walmart store in Olympia Fields, Illinois, on October 22, 2021. [Dkt. 41, ¶ 5.][1] About twenty minutes before the incident, Murray entered the store and did some shopping with a shopping cart. [*Id*., ¶ 12.] About three to four minutes before the incident, he walked into the grocery aisle with his cart, where he eventually slipped and fell on Mazola cooking oil while holding a shopping list. [*Id*., ¶¶ 14–18.] Murray slipped and fell backwards into some shelves as his cart rolled away. [*Id*., at ¶ 33.] A few customers standing nearby saw Bryant fall. [Dkt. 42, ¶ 10.] There were no Walmart employees in the grocery aisle at the time. [Dkt. 41, ¶ 28.]

　　Bryant did not see the oil on the floor before he slipped, and he did not see anyone spill the oil before he fell. [*Id*., ¶¶ 17–21.] He also testified that he had no idea how the oil got onto the floor or how long the oil had been there before he fell. [*Id*., ¶¶ 22–23; Dkt. 42, ¶ 7.] According to Bryant, there was "quite a bit of oil," enough to coat some of his clothes and shoes. [Dkt. 41, ¶¶ 40–42.]

---

[1]　Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

A Walmart employee notified the store manager that Bryant had fallen. [*Id.*, ¶ 44.] When the manager arrived at the grocery aisle, Bryant was still on the floor. [*Id.*, ¶ 46.] There is no dispute that the liquid that spilled onto the floor was corn oil. [*Id.*, ¶ 47.] The manager determined the substance was corn oil by following a trail of long drips down the grocery aisle away from the pool of oil on the floor and toward another shopping cart that was positioned just outside of the aisle. [*Id.*, ¶¶ 48–49, 55.] A bottle of Mazola corn oil was lying on its side at the bottom of that shopping cart; a few other items were on top of the bottle. [*Id.*, ¶¶ 50–51.] Oil was "pouring out" onto the floor and the bottle had no cap. [*Id.*, ¶¶ 51–52.] There was no customer standing with or near the cart that held the offending bottle of oil. [Dkt. 42, ¶ 22.] The manager testified she never found the cap, and she never found or spoke to the person who used the cart holding the bottle. [*Id.*, ¶¶ 22, 24; Dkt. 41 ¶¶ 52–53.] The manager took photographs and called an ambulance. [Dkt. 38-3; Dkt. 41, ¶ 54; Dkt. 42, ¶ 21.] This lawsuit followed.

## II.    Legal Standard

"[S]ummary judgment 'is the "put up or shut up" moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" *Wade v. Ramos*, 26 F.4th 440, 446 (7th Cir. 2022) (quoting *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)). A party opposing summary judgment must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is proper if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Ellis v. CCA of Tennessee LLC*, 650 F.3d 640, 646 (7th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## III.    Analysis

Because the case is proceeding under diversity jurisdiction, state substantive tort law applies—here, that of Illinois. *Perez v. Staples Cont. & Com. LLC*, 31 F.4th 560, 570 (7th Cir. 2022). In Illinois, ordinary negligence requires proof of only three elements—the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. *Scott v. Wendy's Props.*, LLC, 131 F.4th 815, 819 (7th Cir. 2025) (citing *Johnson v. Armstrong*, 211 N.E.3d 355. 371 (Ill. 2022)).

Premises liability "requires proof of those three things plus three additional elements—that there was a condition on the property that presented an unreasonable risk of harm, that the defendant knew or reasonably should have known of the condition and the risk, and that the defendant could reasonably have expected people on the property would not realize, would not discover, or would fail to protect themselves from the danger." *Garcia v. Goetz*, 121 N.E.3d 950, 958 (Ill. App. Ct. 2018). "In effect, the difference between premises liability and ordinary liability is that in a

2

premises liability case the defendant is alleged to have 'maintained a dangerous condition,' whereas in an ordinary liability case the defendant is alleged to have caused the dangerous condition." *Hutson v. Pate*, 216 N.E.3d 1085, 1093 (Ill. App. Ct. 2022) (quoting *Reed v. Wal-Mart Stores, Inc.*, 700 N.E.2d 212, 215 (Ill. App. Ct. 1998)).

Walmart argues that it is entitled to summary judgment for three reasons: (1) there is no evidence that would permit a reasonable factfinder to conclude that a Walmart employee negligently placed the cooking oil on the floor; (2) it did not have constructive knowledge of the spill;[2] and (3) the spill was an open and obvious condition such that Walmart owed Bryant no legal duty under the circumstances. [Dkt. 39 at 8–10.] The court addresses each argument in turn.

### A. Negligent Placement

When a business's invitee is injured by slipping on a foreign substance, the business can be liable if the invitee establishes that the substance was placed there by the negligence of the business, or the business had actual or constructive notice of the substance. *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016) (citing *Pavlik v. Wal–Mart Stores, Inc.*, 753 N.E.2d 1007, 1010 (Ill. 2001)). To "create a triable issue of fact with respect to placement of the substance by Wal–Mart, [a plaintiff must] present some evidence showing that the substance was more likely placed on the premises through Wal–Mart's negligence rather than a customer's." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). Speculation or conjecture regarding the cause of an injury is not sufficient in Illinois to impose liability for negligence. *Piotrowski*, 842 F.3d at 1038.

Bryant argues that he has raised a reasonable inference that the oil spill was the result of a Walmart employee having mishandled the container because the offending bottle of oil was found underneath an unattended shopping cart at the end of the grocery aisle. [Dkt. 40 at 4 (arguing that because there were no customers around the cart, it was not in use by a shopper, making it "unlikely" that a customer placed the container there).] Based on this circumstance, he maintains that a reasonable jury could conclude that an employee and not some third party was responsible for the oil's placement. [*Id.*] The court does not agree.

To establish that Walmart, rather than a third party, created the dangerous condition, Illinois courts require a plaintiff to (1) demonstrate that the foreign

---

[2] Walmart's opening brief argues that it lacked actual knowledge of the condition. [Dkt. 39 at 8.] Actual knowledge only exists "where there is evidence that the defendant or its employee had been notified of the dangerous condition prior to the plaintiff's slip and fall." *Haslett v. United Skates of Am., Inc.*, 136 N.E.3d 172, 185 (Ill. App. Ct. 2019). Bryant's brief does not respond to this argument, so it is waived. *See Nichols v. Mich. City Plant Plan. Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment.")

3

substance was related to the defendant's business, and (2) "offer some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the premises." *Zuppardi*, 770 F.3d at 651 (citation modified).

In *Zuppardi*, a customer slipped on a puddle of water in the back of a Walmart store. *Id.* at 646. The puddle was near where employees would clock in and out, take breaks, and unload inventory. *Id.* The Seventh Circuit concluded that the plaintiff had not put forth sufficient evidence to survive summary judgment because she had not seen the water prior to her fall nor seen how it accumulated, there was no indication the puddle formed from any store display or freezer, and plaintiff had not seen any store employees as she traveled down the aisle before the fall. *Id.* Simply put, it was not enough for a plaintiff to offer "a *possible way* in which a Walmart employee could have caused the spill." *Id.* at 650 (emphasis added).

The same is true here. Bryant did not see the oil spill, and he does not know how the oil got onto the floor. Nor does he identify any other person who saw how the spill happened or how the pool of oil accumulated as it did. [Dkt. 41, ¶¶ 20–25, 28; Dkt. 42, ¶¶ 7–8.] There is no evidence, for example, that a Walmart employee was stacking or straightening the shelves at the time. Instead, Bryant merely relies on the undisputed source of the spill: an unattended shopping cart with an open bottle of oil at the bottom. His speculation that it could have been left there by an employee is not sufficient to survive summary judgment. He points to no direct or circumstantial evidence indicating that a Walmart employee was more likely responsible for the spill than a customer who just as easily could have brought about the spill. In short, proof that Walmart sold the cooking oil is not enough. *Zuppardi*, 770 F.3d at 650 ("Zuppardi has simply offered evidence that she slipped on something that happens to be sold by Wal–Mart, and such evidence fails to support an inference that Wal–Mart caused the spill.")

Because Bryant has not come forward with evidence sufficient to permit a reasonable jury to conclude that the spill was caused by Walmart's negligent placement, there is no basis for a finding of liability on that theory.

### B. Constructive Knowledge

Bryant could also succeed on his claims if he could show that Walmart had actual or constructive notice of the dangerous condition that caused the fall. *Piotrowski*, 842 F.3d at 1039. Constructive notice can be established in Illinois by two paths: "by presenting evidence that the dangerous condition was present for a sufficient length of time such that in the exercise of ordinary care its presence should have been discovered, or by showing that the dangerous condition was part of a pattern of conduct or a recurring incident." *Id.* at 1040.

4

Bryant argues that the spilled oil existed for enough time to put Walmart on constructive notice of the condition. [Dkt. 40 at 6.] He relies on his own deposition testimony that he was in the grocery aisle for three to four minutes before he slipped, a period where no employee came to clean up the spill. The size of the puddle, he says, also suggests that the oil accumulated over time, making it reasonable to infer that the substance was "present long enough so that Wal-Mart employees, exercising ordinary care, could have discovered" it. [*Id.* at 7.]

"Illinois law does not establish any conclusive, across-the-board rule as to how long a substance must be on the floor to allow an inference of constructive notice." *Cruz v. Costco Wholesale Corp.*, 134 F.4th 984. 989 (7th Cir. 2025) (citing *Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603, 605 (7th Cir. 2001) (rejecting argument that there is any "flat rule in Illinois that ten minutes is always too short a period for a duty of inspection and clean up to arise")); *Zuppardi*, 770 F.3d at 651–52 ("[T]here is no bright-line rule designating the requisite time to establish constructive notice.") Ultimately, the plaintiff must establish that the substance "was on the floor" for "a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered" by the business owner or its employees. *Hayes v. Bailey*, 400 N.E.2d 544, 546 (Ill. App. Ct. 1980).

In *Zuppardi*, the Seventh Circuit concluded that Walmart was not on constructive notice after the plaintiff slipped in the puddle of water while shopping. The Court held that the testimony established "only that the spill had occurred at least a few minutes before the accident, and there is no basis in the record for estimating how much earlier the spill might have taken place." 770 F.3d at 651. This, the Seventh Circuit said, was insufficient time for constructive notice. *Id.*

The Seventh Circuit in *Cruz* recently concluded that a fact issue existed concerning whether a smoothie spill was present on the floor long enough for Costco to have had constructive notice of the condition. 134 F. 4th at 989. The Court of Appeals relied in part on a 28 minute surveillance video that "viewed in the light most favorable to Cruz, would allow a reasonable juror to find that the [smoothie] spill must have taken place at least 28 minutes before Cruz's fall." *Id.* at 988.

Walmart argues that Bryant has offered no witness testimony establishing how long the oil was on the floor before the fall. That would appear to make this a weak case—one more like *Zuppardi* than *Cruz*. To defeat this outcome, Bryant relies primarily on the amount of oil that had accumulated on the floor and the time he spent in the grocery aisle to suggest that a question of fact remains about whether enough time had passed for Walmart to have discovered the condition. Though a close call, there is no across-the-board rule for constructive notice to attach, so the court cannot say that the evidence here "affirmatively establishes" that the spill could have been on the floor for only a few minutes. *See Cruz*, 134 F.4th at 988. Viewing the

5

photographs of the oil on the floor in a light most favorable to Bryant, a jury might conclude that Walmart should have discovered the spill using ordinary care. A jury could also find that the oil had only spilled a few minutes before Bryant's slip such that not enough time had passed for the oil to have been discovered. Put differently, whether Walmart should have discovered the spill using ordinary care in this case is a question of fact for the jury to decide.

### C. Open and Obvious Condition

Walmart argues that it did not owe a duty to Bryant because the oil spill was an open and obvious condition. To determine whether Walmart owed Bryant a duty of care, Illinois law considers four factors: "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Burns v. Sherwin-Williams Co.*, 78 F.4th 364, 371 (7th Cir. 2023) (citing *Bruns v. City of Centralia*, 21 N.E.3d 684, 688–89 (Ill. 2014)). If a hazard would be considered an open and obvious danger to a reasonable person, this affects the first two factors (foreseeability and likelihood of injury). *Burns*, 78 F.4th at 370–71. For a danger to be "obvious," it must be one that the "reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment" would recognize "both the condition and risk." *Bruns*, 21 N.E.3d at 690. "The open and obvious doctrine is an objective inquiry that considers whether a reasonable person with the plaintiff's knowledge of the situation would appreciate the risk and know to avoid the hazard." *Burns*, 78 F.4th at 371. If so, then the risk of harm is slight, and the court can expect a person "to avoid the hazard on their own." *Id*. Although the duty inquiry is generally a question of law, the issue of "[w]hether a dangerous condition is open and obvious may present a question of fact." *Bruns*, 21 N.E.3d at 690. But when "the facts are undisputed, it is a question of law whether the open and obvious doctrine applies." *Burns*, 78 F.4th at 371.

Walmart argues that the physical nature of the spill—a pool of oil on the floor together with a trail of oil leading down the aisle and away from the spill—means that the condition was open and obvious. [Dkt. 39 at 10–11.] It relies on Bryant's deposition testimony and still photographs of the fall that depict, among other things, oil on Braynt's shoes, the backside and side of his pant legs, and part of his sweater. [Dkt. 41, ¶¶ 40–42; Dkt. 38-3 (photos).] According to Walmart, this evidence conclusively establishes that a reasonable person exercising ordinary perception and judgment would perceive the oil on the floor and avoid it. [Dkt. 39 at 11–12.]

Ultimately, the court agrees with Bryant that there is a genuine dispute of fact as to whether the condition was open and obvious. Although Bryant's subjective

6

knowledge does not control the inquiry,[3] a jury could find that a reasonable person in Bryant's situation—exercising ordinary perception, intelligence, and judgment—would not have noticed a transparent or lightly colored liquid gathering on the floor while shopping with a shopping cart. In short, a reasonable person in Bryant's position might have overlooked it. Courts have routinely denied summary judgment and found a genuine issue of fact as to whether a condition was open and obvious where the plaintiff failed to notice a condition prior to slipping or tripping under facts like this case. *Stephen v. Home Depot*, 2020 WL 7260803, at *4 (N.D. Ill. Dec. 10, 2020) (question of fact as to whether a reasonable person would have recognized a hose on the floor as an open and obvious danger given conflicting evidence about the hose's visibility); *Geleta v. Meijer, Inc.*, 2013 WL 6797111, at *6 (N.D. Ill. Dec. 23, 2013) ("[W]here plaintiffs have failed to notice a condition prior to slipping or tripping, courts consistently have found the open and obvious issue to be a question of fact.")

Because the court cannot conclude as a matter of law that the pool of oil was an open and obvious condition, it cannot conclude that Walmart owed no duty to Bryant under Illinois law.

## IV. Conclusion

For the foregoing reasons, Walmart's motion for summary judgment is denied.

Enter: 23 C 6813
Date: June 24, 2025

_____
Lindsay C. Jenkins

---

[3] *Sandoval v. City of Chicago*, 830 N.E.2d 722, 727 (Ill. App. Ct. 2005) ("[T]he determination of whether the condition is open and obvious depends not on plaintiff's subjective knowledge but, rather, on the objective knowledge of a reasonable person confronted with the same condition").

7